MIRAGLIA, APPELLEE, *v.*
B. F. GOODRICH COMPANY, APPELLANT.

[Cite as Miraglia v. B. F. Goodrich (1980),
61 Ohio St. 2d 128.]

(No. 79-774—Decided January 30, 1980.)

*Messrs. Barrett & Ferguson* and *Mr. John R. Barrett,* for appellee.

*Messrs. Roetzel & Andress* and *Mr. George A. Clark,* for appellant.

*Per Curiam.*

## I.

In its first proposition of law, Goodrich asserts that the appellate court erred in determining that an order by the Industrial Commission, interpreting R. C. 4123.56 and mandating that an injured employee receiving the maximum amount for permanent and total disability may not have such benefits offset by the amount of compensation received under a non-occupational disability plan, is a decision as to the extent of disability and, therefore, is not appealable pursuant to R. C. 4123.519.

Goodrich, according to its interpretation of applicable laws, and specifically R. C. 4123.56, deducted the amount of the pension benefit from the amount of workers' compensation awarded.

R. C. 4123.56, in pertinent part, provides:

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or benefits paid or payable."

R. C. 4123.519 explains the process of appealing a claim to a Court of Common Pleas. In pertinent part, R. C. 4123.519 provides:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, *other than a decision as to the extent of disability,* to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.***" (Emphasis added.)

The critical issue is whether the facts in the cause *sub judice* indicate a question as to the extent of disability and, therefore, not appealable to the Court of Common Pleas.

It is firmly established that, once the claimant's right to participate in the fund is established, the commission has the exclusive jurisdiction to determine the extent of the participation. *Brecount* v. *Proctor & Gamble Co.* (1957), 166 Ohio St. 477, paragraph two of the syllabus; *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40; and *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369.

In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386, Chief Justice Leach gave a complete dissertation on the history of R. C. 4123.519 and noted that the *right to participate* is appealable, but the *extent of participation* is not appealable. In *Zavatsky,* it is stated, at page 403:

"***For the purpose of appeal under R. C. 4123.519, the question of allowance or rejection of these various claims is, by the terms of R. C. 4123.519, appealable by either the claimant or the employer. Once finally allowed, however, the question involving the computation of monetary payment

therefor is one as to 'extent of disability' and is not appealable by either the claimant or the employer."

In the instant cause, the question concerns the extent of participation, since Miraglia's right to participate in the Workers' Compensation Fund had already been determined. Mandamus is the appropriate procedure to determine whether Goodrich can offset the benefits given to Miraglia under R. C. 4123.56. Accordingly, the question as presented does not fall within the purview of R. C. 4123.519, and, therefore, it is not appealable to the Court of Common Pleas.

*II.*

Appellant, in its second proposition of law, asserts that the trial court erred by not ruling on the cross-motions for summary judgment according to Civ. R. 56(C) and that the failure to rule on said motions constitutes reversible error.

As previously discussed, the appellant, in the instant cause, had no right of appeal under R. C. 4123.519 to the Court of Common Pleas. Instead, the proper legal procedure was to file an action in mandamus.

The Court of Common Pleas, having properly decided that it did not possess jurisdiction over the matter, did not have to rule on the cross-motions for summary judgment.

We hold, therefore, that the trial court acted properly and that there is no reversible error according to Civ. R. 61. Accordingly, appellant's second proposition of law is without merit.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, DOWD, SWEENEY, LOCHER and HOLMES, JJ., concur.

DOWD, J., of the Fifth Appellate District, sitting for P. BROWN, J.