HOSPITALITY MOTOR INNS, INC., APPELLANT, *v.*
GILLESPIE ET AL., APPELLEES.

(No. 80-1137—Decided May 20, 1981.)

*Messrs. Squire, Sanders & Dempsey* and *Mr. B. Casey Yim,* for appellant.

*Martin M. Young Co., L.P.A.,* and *Mr. Martin M. Young,* for appellee Gillespie.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Administrator.

PAUL W. BROWN, J.  The questions presented in this appeal are, first, whether, pursuant to R. C. 4123.519,[1] the decision of the Industrial Commission may be appealed to the common pleas court; and, second, if the decision is not appealable, whether attorney's fees, nevertheless, may be awarded to the successful claimant.[2] Both lower courts determined that the

---

[1] In pertinent part, R. C. 4123.519 provides:

"The claimant or the employer may appeal a decision of the industrial commission ***in any injury*** case, *other than a decision as to the extent of disability,* to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.***

"***

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund.***" (Emphasis added.)

[2] Appellant urges a third proposition of law for our consideration: "The attorneys' fees provision of Ohio Revised Code §4123.519 is contrary to the equal protection clauses of Article I, §2 of the Ohio Constitution and of the Fourteenth Amendment to the United States Constitution." A review of appellant's brief before the Court of Appeals discloses, however, that such issue was not raised in, or presented to, the Court of Appeals. This fact is buttressed by the absence of a discussion of such constitutional issue by the Court of Appeals. " 'It is an established rule of long standing in this state that a constitutional question***can not be raised in the Supreme Court unless it was presented and urged in the courts below.' " *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 302. Also, it is this court's "policy***not to review questions not presented in the Court of Appeals." *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 163. The issue urged, not having been presented and ad-

decision sought to be appealed was one "as to the extent of disability" and, thus, not appealable.[3] Moreover, both lower courts held that, notwithstanding the nonappealable nature of the commission's decision, the claimant was entitled to an award of attorney's fees in this cause. We agree.

The question of when a decision is "one as to the extent of disability" is not new to this court. In a recent and exhaustive opinion containing a review of both the history of R. C. 4123.519 and the cases construing that section (and its predecessors), former Chief Justice Leach and this court established guidelines upon which the bench and bar may rely in determining the issue of the appealability of a decision of the commission. *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386. As we later stated, *Zavatsky,* in essence, held that a decision as to "the *right to participate* is appealable, but [one as to] the *extent of participation* is not appealable." (Emphasis *sic.*) *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio St. 2d 128, 130.

In *Zavatsky,* we decided two separate, but legally similar, workers' compensation cases. In the first, John Zavatsky filed an application for compensation, claiming injury to his left elbow, low back and left leg. The claim was allowed as to the elbow, but denied as to the latter injuries on the basis that they were not the result of, or related to, the allowed injury. The claimant's appeal was dismissed by the Court of Common Pleas which determined that the decision appealed from was one as to the extent of disability. The Court of Appeals affirmed.

dressed below, will not be considered by this court. *Middletown* v. *City Comm. of Middletown* (1941), 138 Ohio St. 596, 606; *State, ex rel. Babcock,* v. *Perkins* (1956), 165 Ohio St. 185, paragraph three of the syllabus; *State, ex rel. Royal,* v. *Columbus* (1965), 3 Ohio St. 2d 154, 155; *State* v. *Bd. of Commrs.* (1974), 40 Ohio St. 2d 36, 37; and *Drain* v. *Kosydar* (1978), 54 Ohio St. 2d 49, fn. 4, at page 55.

[3] We feel compelled to respond to appellant's assertion that the lower courts' decisions, and, *a fortiori,* our decision today, derogate appellant's "fundamental rights" to appeal. If by the use of such term, appellant means a right to appeal derived from either common law or the Constitution, appellant's argument is not well founded.

This court has clearly and consistently held that "[t]he only right of appeal to a court with respect to a claim for workmen's compensation is such as may be provided for by statute." *Szekely* v. *Young* (1963), 174 Ohio St. 213, paragraph one of the syllabus. Therefore, there being no statutorily granted right of appeal based on the facts in the instant cause, appellant's argument must fail. *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28; *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122.

In the second case decided in *Zavatsky,* the application of Caroline Williams was allowed for an injury described as a "contusion of the scalp and abrasion of the left wrist." No appeal was taken therefrom. Subsequently, the claimant sought to amend the decision to include a new medical condition described as "hysterical neurosis." The bureau allowed the claim to be amended to include the new condition and the employer appealed. In the Court of Common Pleas, the claimant sought dismissal of the appeal on the premise that the decision was also one as to the extent of disability and was, therefore, not properly appealable. The motion to dismiss was granted and the Court of Appeals affirmed. We reversed and remanded in both cases, stating in paragraph one of the syllabus:

"An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R. C. 4123. 519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance."

Our decision in *Zavatsky* is dispositive of the first issue presented in the appeal in the case *sub judice.* It is clear that the decision as to claimant's *right to participate* was made, not in the commission's order granting further compensation, but in the original order of February 1, 1974—an order which the employer did not appeal.

Appellant in the instant cause argues that *Zavatsky* dictates a different resolution than that reached below. Essentially, appellant's argument is that because of the preexisting 1969 claim, the commission must, necessarily, have made a "threshold determination" that there was a causal nexus between the 1973 injury and the further compensation of claimant. Appellant further argues that this decision went to the claimant's right to continue to participate in the fund and not to the extent of disability and that it is this causal relationship issue which appellant is attacking. In support thereof, appel-

lant relies upon this court's decisions in *Zavatsky* v. *Stringer,* *supra; Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569; and *White Motor Corp.* v. *Moore* (1976), 48 Ohio St. 2d 156. In *White Motor Corp.,* the issue presented was whether expert medical evidence is necessary to establish a causal connection between an injury and the subsequent disability. We held that it was only necessary in a claim involving complex medical problems. In *Fox,* the claimant sought an award for a heart ailment, when the original claim had been for an accidental injury to his ankle. In that case, at page 573, we again recognized the necessity of finding a causal connection between an injury and the subsequent disability in workers' compensation cases.

Appellant argues that it is this question of such "causal relationship" which it is raising in this appeal, and, therefore, appeal should lie. Appellant's argument would be effective if this appeal had been from the original decision awarding compensation or if claimant was seeking benefits for a new disability. However, neither situation prevails in the instant cause. As noted above, the employer did not appeal the original decision allowing the claim and, as conceded in appellant's brief, "the instant case does not involve an additional medical condition, nor does it involve an injury to a different part of the body."[4] If appellant's argument is followed to its

---

[4] Appellant poses the following hypothetical situation for our consideration: "For example, if a workers' compensation claim is allowed for an undescribed injury to claimant's left arm, and claimant thereafter falls and suffers a subsequent injury and resulting disability, a decision granting continued participation in the workers' compensation case could be justifiably challenged on the basis of causal relationship. The issue presented—causal relationship between accident and disability—is identical to the issue presented when a subsequently developing medical condition, or claim for injury to a different part of the body is involved."

While it is axiomatic that this court will not address hypothetical questions or render advisory opinions, this court has previously addressed the issue raised by appellant's hypothetical example in *State, ex rel. Dodson,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 399 (hearing on mandamus appeal, 62 Ohio St. 2d 408).

In *Dodson,* the claimant, on June 12, 1964, sustained an accidental injury to her left knee and contusion of the right shoulder. She was paid temporary total disability compensation, and, on December 1, 1967, the commission determined that she had a 15 percent permanent partial disability. On December 24, 1973, the claimant made a motion that she be awarded permanent and total disability. The commission, on March 1, 1977, denied the motion and entered an order finding "that the claimant is per-

ultimate conclusion, either an employer or employee could effectively circumvent the operation of R. C. 4123.519 by merely uttering the incantation "causal relationship" upon the grant or denial of any claim for benefits subsequent to the original award.

In the instant cause, the commission merely extended the duration of compensation being paid for injuries determined to be compensable in a previously allowed claim. The decision, therefore, was one as to the extent of disability and it was not properly appealable. *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369, 370; *Zavatsky* v. *Stringer, supra.*

The second issue presented for our consideration has not been previously addressed by this court. " 'The general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees cannot be so taxed.' " *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 607. R. C. 4123.519 does contain such a provision. The question is whether that provision is applicable given the facts of the instant case.

Appellant argues that if this court determines that the Court of Common Pleas was correct in its determination that

manently and totally disabled but not as the result of the allowed injuries in this claim***." Claimant appealed this order to the Court of Common Pleas and, thereafter, filed a complaint in mandamus seeking both a vacation of the order and a finding that she was permanently and totally disabled. The employer sought dismissal of the mandamus action on the basis that the appeal constituted a plain and adequate remedy at law. The Court of Appeals dismissed the mandamus action and claimant appealed to this court as a matter of right. We reversed, stating, at page 401: "[t]he commission's finding in the instant cause was not a denial of appellant's right to participate in the Workers' Compensation Fund. The issue before the commission was limited to whether, considering those disabilities which had been allowed, appellant was permanently and totally disabled." In the instant cause, the only issue which was before the commission was the extent of disability of the allowed claim. Therefore, neither the employer nor the employee had a right of appeal therefrom.

In *Dodson,* at page 410, the record reflected that:

"***[A]ppellant [claimant] filed suit for injuries sustained in an automobile accident in 1969, including sprain and contusion of the musculature of the lumbo-sacral spinal region and aggravation of preexisting arthritis in the spinal region and left knee. In 1967, appellant sued for injuries allegedly received from a fall in a laundromat including injuries to her head, back, left arm, right leg, and limitation of motion and pain regarding her back, arms, and legs. In addition, appellant was repeatedly treated at the Cleveland Clinic for recurrent pain in her knees prior to her alleged industrial accident."

it lacked jurisdiction over the instant cause, then attorney's fees cannot be awarded since the action was not "legal proceedings" as that term is used in R. C. 4123.519. Appellant contends that the "legal proceedings" contemplated by R. C. 4123.519 is a trial *de novo.*

Appellant made a similar argument before the Court of Appeals. That court rejected this argument, stating, "[t]he instant proceedings were brought to common pleas court under the authority of R. C. 4123.519 even though the court eventually decided that the statutory exemption applied and thus terminated the case." The Court of Appeals was correct in this determination.

A review of the record clearly illustrates that appellant sought to invoke the jurisdiction of the Court of Common Pleas by way of appeal. The "legal proceedings" contemplated by R. C. 4123.519 is the act of appeal, itself. We can see no practical difference between the instant case and a case wherein it is only after a trial *de novo* that the Court of Common Pleas determines that it lacks jurisdiction to decide the issue. The procedure utilized by the appellant was still an "appeal" and the same was prosecuted, albeit unsuccessfully by the appellant, pursuant to R. C. 4123.519. Having sought the benefits of R. C. 4123.519, appellant can not now be heard to complain of the detriments flowing therefrom.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.