GILBERT, APPELLANT, *v.* MIDLAND-ROSS CORP., APPELLEE;
DAUGHERTY, ADMR., ET AL., APPELLANTS.

[Cite as Gilbert v. Midland-Ross (1981), 67 Ohio St. 2d 267.]

(No. 80-1351—Decided July 22, 1981.)

268

*Shapiro, Kendis & Assoc. Co., L.P.A.,* and *Mr. David G. Schmidt,* for appellant Gilbert.

*Seeley, Savidge & Aussem Co., L.P.A., Mr. Thomas M. Carolin* and *Mr. Keith A. Savidge,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mitchell A. Stern,* for appellants Administrator and Industrial Commission.

MAHONEY, J. R. C. 4123.519 permits appeals to the

Court of Common Pleas from orders of the Industrial Commission on matters "other than a decision as to the extent of disability***." This language is jurisdictional; if a decision concerns only the extent of disability, it is not appealable. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 44 Ohio St. 2d 46; *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230. In the present case there is but one issue presented for our review, and that is, whether the decision of the Industrial Commission is appealable.

The phrase "extent of disability" is deceptively simple. However, the attempt to pin down its exact meaning has spawned seemingly endless controversy. In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386, this court undertook an extensive review of the subject in order to clarify the distinction between a decision which is appealable and one which concerns only the extent of disability. The syllabus in *Zavatsky,* as pertinent here, set forth this distinction as follows:

"1. An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other then one as to the extent of disability and, thus, pursuant to R. C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance.

"2. A determination of 'extent of disability' under R. C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries.***"

The order of the Industrial Commission reads, in pertinent part:

"***the Industrial Commission finds that the claimant's

disability from 9-23-76 to 6-1-77 was not the result of the 9-21-76 incident sustained while in the employ of Midland Steel Products and therefore vacates order of the Cleveland Regional Board of 6-2-78 and affirms the order of the District Hearing Officer of 6-8-77."

Appellants agree with the conclusion of the trial court that this decision was one as to the extent of disability and therefore not appealable. Their theory is that the commission, by reactivating the Midland-Ross claim, merely extended the period of disability under a previously allowed claim.

Appellee, on the other hand, argues in support of the holding of the Court of Appeals that the decision was one which determined a causal relationship between an injury and the claimant's disability and that it was therefore a decision other than as to the extent of disability.

We adopt the latter view.

It is fundamental that there must be a causal connection between an injury arising out of and in the course of a worker's employment and his harm or disability, for otherwise the Bureau of Workers' Compensation would have no jurisdiction to award benefits. *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569; see R. C. 4123.01(C).

In the instant case, the commission was presented with two claims, which were considered together. One, number 614523-22, alleged that appellant's disability was caused by the injury of September 21, 1976. The other, the application to reactivate claim number 563395-22, alleged that the disability was the result of the March 30, 1975, injury. Thus, the commission had to choose between two possible causes.

Claim number 614523-22 had been denied at lower levels and the commission refused to hear an appeal on that claim. Instead, it reactivated the earlier claim, specifically finding that the claimant's new period of disability "was not the result of the 9-21-76 incident * * *." This is clearly a finding that one of the two incidents was not the cause of appellant's disability. If there are only two possible causes of a disability, and one is eliminated, there is *ipso facto* a finding that the other is the cause. (The parties agree that appellant's disability was, in fact, work-related and caused by one or the other incident.)

Appellants contend that the instant case is governed by

our decisions in such cases as *State, ex rel. Dodson,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 399; *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369; and *Mooney* v. *Stringer* (1976), 48 Ohio St. 2d 375. In these cases the claimants were awarded benefits for certain injuries and then later filed claims for additional medical conditions. The commission denied the later claims for the reason that the claimants' disabilities were not due to the allowed injuries in the earlier claims. Although the commission's orders were couched in the language of proximate cause, this court held that the decisions were as to the extent of disability and not appealable.

Those cases were factually different from the present one. The claimants in those cases did not have separate periods of disability, nor did they sustain a second injury. The issue in those cases was not the right to participate for a new injury, but whether an existing period of temporary disability should be extended (in *Mooney*), or whether a previously granted permanent partial disability should be increased to total (in *Smith* and *Dodson*).

A decision of the commission which goes to a claimant's right to participate in the fund is appealable. *Zavatsky* v. *Stringer, supra,* paragraph one of the syllabus. On the other hand, one which merely extends the period of time for which a claimant will receive benefits concerns the extent of disability and is not appealable. *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206; see *Smith* v. *Krouse, supra.*

The decision in the instant case, though in form a reactivation of a previously allowed claim, is in substance a decision on the right to participate in the fund because it establishes a new period of disability with a new right to receive benefits. Interpreting the commission's order as merely extending the period of disability, as appellants would have us do, ignores the fact that appellant Gilbert was not disabled and not receiving any benefits at the time of the second injury.

Unlike the claimant in *Hospitality Motor Inns* v. *Gillespie, supra,* appellant returned to work before sustaining his second period of disability. He was awarded temporary total disability benefits after the first incident. These benefits ended on September 9, 1976. Thus, his right to participate, except such rights as are preserved by R. C. 4123.52, also ended on that

day. He returned to work and for 11 days received no benefits. When he sustained the injury on September 21 and was again awarded temporary total disability, this necessarily began a new period of disability and therefore a renewed right to participate. This is not the same as merely extending an existing period of disability. It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability. Compare *Hospitality Motor Inns* v. *Gillespie, supra; State, ex rel. Commercial Motor Freight,* v. *Stebbins* (1975), 42 Ohio St. 2d 389; *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278.

Appellee Midland-Ross concedes that appellant Gilbert's claim for the September 21, 1976, injury was valid. The dispute is over which employer will be liable for it. In *Zavatsky* v. *Stringer, supra,* we rejected the notion that once an employee is granted the right to participate in the fund, any subsequent order granting the right to participate, because of injuries not already being compensated for, necessarily becomes a decision as to the extent of disability. The reason is that such a doctrine would deny the employer its right of appeal when an additional injury or impairment is alleged.

Similar considerations apply here. The decision to reactivate a dormant claim when there has been an intervening trauma is, in effect, a decision granting the right to participate for an injury or impairment not previously claimed or passed upon. As we noted in *Zavatsky* v. *Stringer, supra,* at page 402:

"Although by custom, a 'claim number' is administratively assigned, this does not mean that the 'claim number file' constitutes but a single 'claim' for compensation as to any and all parts of the body, or as to any and all losses or impairments in bodily functions allegedly resulting therefrom at that time, or allegedly resulting therefrom at a later time." To construe this as a decision as to the extent of disability would deny the employer its right of appeal on the question of causal relationship—a right which this court explicitly recognized in *Zavatsky.*

In *Hospitality Motor Inns* v. *Gillespie, supra,* we rejected the employer's argument that the commission's decision to

extend the period of disability presupposed a threshold determination of causal relationship, and held instead that the decision was one as to the extent of disability. We recognized, however, at page 211, that:

"***Appellant's argument would be effective if this appeal had been from the original decision awarding compensation or if claimant was seeking benefits for a new disability.***" The instant case fits that description.

In *Zavatsky* v. *Stringer, supra,* a decision "as to the extent of disability" was defined as one which determines the basis for the computation of the compensation or benefits payable. An order which states that a disability is "not the result of" a given incident is not such a decision. Compare, *e.g., State, ex rel. Consolidation Coal Co.,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 147; *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio St. 2d 128; *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154.

As the case law in this field amply illustrates, there can be disagreement over what constitutes a decision as to "extent of disability." *State, ex rel. McSalters,* v. *Mikus* (1980), 62 Ohio St. 2d 162, 163. In this case, we agree with the Court of Appeals that the commission's decision is properly characterized as a ruling on causation and not extent of disability. Therefore, the commission's decision reactivating claim number 563395-22 is appealable pursuant to R. C. 4123.519.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SHANNON, LOCHER, HOLMES and C. BROWN, JJ., concur.

CELEBREZZE, C. J., and SWEENEY, J., dissent.

SHANNON, J., of the First Appellate District, sitting for W. BROWN, J.

MAHONEY, J., of the Ninth Appellate District, sitting for P. Brown, J.