UNITED PARCEL SERVICE, INC., APPELLANT, *v.* RICE ET AL., APPELLEES.

(No. L-81-257—Decided March 19, 1982.)

*Mr. R. Mark Halligan* and *Mr. Donald A. Wall,* for appellant.

*Mr. Robert L. Bridges* and *Mr. William J. Melvin,* for appellee Herbert Rice, Jr.

POTTER, J. United Parcel Service, the employer of Herbert Rice, Jr., appeals from the judgment of the Lucas County Court of Common Pleas which granted summary judgment for Rice and dismissed the employer's appeal to the common pleas court. We affirm.

In May 1976, Rice fell down a flight of stairs while at work and injured his lower back. Rice filed a workers' compensation claim which was recognized by the employer, United Parcel Service. He was granted temporary total disability compensation from the date of injury until July 6, 1976, when Rice returned to fulltime employment. During January 1977, Rice complained of lower back pains and was unable to work. United Parcel Service granted Rice additional disability benefits from January 24, 1977, until May 4, 1977. On or about August 10, 1977, Rice filed an application to reactivate his claim.

United Parcel Service contested the claim, alleging that the disability was related to a congenital physical condition and not to the May 1976 injury and claim.

A hearing was held on April 27, 1978, before a district hearing officer of the

Bureau of Workers' Compensation. The district hearing officer granted Rice's application to reactivate his claim for additional medical benefits and temporary total disability compensation. United Parcel Service appealed this decision to the Toledo Regional Board of Review which vacated the district hearing officer's order. The claimant, Rice, filed an appeal with the Industrial Commission. The commission ordered the reinstatement of the district hearing officer's decision and vacated the decision of the regional board of review. The Industrial Commission granted temporary total compensation from May 4, 1977, to October 31, 1977, and further ordered that the claim be referred to the Toledo District Office for consideration of temporary partial compensation from November 1, 1977, to the present.

United Parcel Service appealed the decision of the Industrial Commission to the Lucas County Court of Common Pleas pursuant to R.C. 4123.519. Claimant Rice filed his petition and thereafter filed a motion for summary judgment which the trial court denied on August 10, 1981. Claimant filed a motion to reconsider the denial of the motion for summary judgment which the trial court granted, finding that in light of *Hospitality Motor Inns, Inc.,* v. *Gillespie* (1981), 66 Ohio St. 2d 206 [20 O.O.3d 209], the decision was not appealable under R.C. 4123.519. Claimant was granted attorney's fees and the cause was dismissed. United Parcel Service appeals the trial court's judgment, and files the following assignments of error:

"The trial court erred in granting defendant-appellee's Motion for Summary Judgment and request for attorney fees since the decision of the Industrial Commission appealed from herein is properly characterized as a ruling on causation and not 'extent of disability.' "

The issue presented on appeal involves the interpretation of R.C. 4123.519 which, in pertinent part, provides as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state * * *."

United Parcel Service alleges on appeal that although Rice's claim is, in form, the reactivation of a prior allowable claim, it is, in substance, a new period of disability resulting from a congenital problem. United Parcel Service, citing *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168], contends that the common pleas court has jurisdiction to hear this appeal pursuant to R.C. 4123.519 since the issue presents a question of causation which involves the right of the claimant to participate or to continue to participate in the fund, and not a question of "extent of disability."

*Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.2d 503], provides an extensive analysis for determining whether the decision of the Industrial Commission involves the "extent of disability" or the "right to participate." The court, in paragraphs one and two of the syllabus, stated the following:

"1. An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R.C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the

event of such a denial, or by the employer in the event of such an allowance.

"2. A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries."

In the case *sub judice,* claimant had a previously allowed compensable injury for his lower back. Claimant alleges that the application to reactivate his claim involves the same injury and is a request for additional compensation for an allowed claim. Claimant therefore alleges that according to the language of *Zavatsky* v. *Stringer, supra,* the Industrial Commission's decision merely determined the "basis for the computation of the compensation or benefits payable * * * for those losses or impairments of bodily functions allowed as compensable injuries." Claimant, therefore, alleges that in accordance with *Hospitality Motor Inns, Inc.,* v. *Gillespie, supra,* the commission's ruling is not appealable pursuant to R.C. 4123.519.

We agree with claimant and find the case of *Hospitality Motor Inns, Inc.,* v. *Gillespie, supra,* controlling in the case *sub judice.* The arguments presented by United Parcel Service were also raised in *Gillespie,* and the court, at 211-212, responded as follows:

"Appellant argues that it is this question of such 'causal relationship' which it is raising in this appeal, and, therefore, appeal should lie. Appellant's argument would be effective if this appeal had been from the original decision awarding compensation or if claimant was seeking benefits for a new disability. However,

neither situation prevails in the instant cause. As noted above, the employer did not appeal the original decision allowing the claim and, as conceded in appellant's brief, 'the instant case does not involve an additional medical condition, nor does it involve an injury to a different part of the body.' If appellant's argument is followed to its ultimate conclusion, either an employer or employee could effectively circumvent the operation of R.C. 4123.519 by merely uttering the incantation 'causal relationship' upon the grant or denial of any claim for benefits subsequent to the original award.

"In the instant cause, the commission merely extended the duration of compensation being paid for injuries determined to be compensable in a previously allowed claim. The decision, therefore, was one as to the extent of disability and it was not properly appealable. *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369, 370 [8 O.O.3d 387; *Zavatsky* v. *Stringer, supra.*"

We also find that *Gilbert* v. *Midland-Ross, supra,* is distinguishable from the case *sub judice.* The court in *Gilbert* defined "disability" and, based upon the facts presented, found:

"It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability." *Gilbert,* at 272.

We find that the facts and issues raised in *Gilbert, supra,* were not presented by United Parcel Service below. The allegation by appellant that Rice's injury was the result of a congenital problem should have been raised in the original proceedings.

We find that the trial court did not err in granting summary judgment or in awarding claimant attorney's fees because we find that the Industrial Commission's decision involved the extent of disability and is not appealable pursuant

to R.C. 4123.519. We find appellant's assignment of error not well taken.

We also stress that R.C. 4123.519 provides that, except for some minor modifications, the Rules of Civil Procedure are followed upon the filing of a notice of appeal to the common pleas court. This section requires the claimant to file a petition showing a cause of action to participate or to continue to participate in the fund. It is intended that the claimant, who is seeking affirmative relief, be listed in the caption as the plaintiff and not, as in the case *sub judice,* as the defendant.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Lucas County Common Pleas Court is affirmed at appellant's costs.

This cause is remanded to said court for execution of judgment and for costs.

*Judgment affirmed.*

WILEY, J., concurs.

CONNORS, P.J., dissents.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

CONNORS, P.J. I respectfully dissent. From my reading of the record, I am of the opinion that the common pleas court had jurisdiction to hear this appeal from the order of the Industrial Commission pursuant to Ohio R.C. 4123.519 since the issue presents a question of *causation* which involves the right of the claimant to participate or to continue to participate in the fund and is not directed to the question of *extent of disability. Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503]. As I understand the term of *extent of disability,* it concerns, in the usual case, the question of what percentage of either temporary partial or total disability is granted or denied, and fur-

ther applications at the termination of that period of benefits for additional benefits for additional injury causally related to the original disabling injury or disease for which allowance has been made. The question of jurisdiction in such cases has been laid to rest by the Supreme Court, and that is that the decision of the Industrial Commission is final and R.C. 4123.519 does not confer jurisdiction of the question of *extent of disability* on the common pleas court.

Appellant in the case *sub judice* does not question the principle as enunciated in *Zavatsky,* but argues that the *causation* upon which plaintiff lays claim for further benefits is not related to the original claim for which he was compensated and is in no way related, and, therefore, is not directed to the *extent of disability.* Practically, if the result is to be different, the employer would be obligated to contest every run-of-the-mill minor claim or be foreclosed from ever contesting any additional claim which it believes to be non-related to the original claim. I agree, and find that a distinct difference exists, and that the common pleas court did have jurisdiction and erred in granting summary judgment.