GRAY, APPELLANT, *v.* BUDD COMPANY, APPELLEE.

(No. WD-85-45 — Decided January 17, 1985.)

*Gavin Larrimer* and *Jerry Riseling,* for appellant.

*Thomas M. Taggart, Carl D. Small-wood* and *Chris J. North,* for appellee.

RESNICK, J. This cause is before the court on appeal from a judgment of the Wood County Court of Common Pleas, wherein that court dismissed appellant's workers' compensation appeal due to a lack of subject matter jurisdiction.

Appellant, Warren G. Gray, filed a timely notice of appeal and asserts the following sole assignment of error:

"The trial court erred when it granted summary judgment to defendant-appellee, The Budd Company, thus holding the plaintiff-appellant's appeal was one as to the extent of disability."

In actuality, the trial court did not render a summary judgment in favor of appellee, but rather dismissed the cause for lack of subject matter jurisdiction, pursuant to *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio St. 2d 128 [15 O.O.3d

163], on the basis that appellant was appealing a decision of the Industrial Commission, which was a decision as to the extent of appellant's disability and, therefore, was not properly appealable to the court of common pleas.

The facts of the case are as follows. On or about January 14, 1982, appellant sustained a low back injury when he caught his foot on a board and tripped while he was at work. He filed a claim for workers' compensation due to that injury and that claim was assigned number 780255-22. Said claim was allowed and described as "ruptured disc back, pinched nerve left leg."

Appellant underwent back surgery on June 17, 1982. Following that surgery, appellant was unable to return to work. Then, in September 1982, appellant took a trip to West Virginia in an automobile. Immediately upon appellant's return from his trip to West Virginia, he underwent a second surgery to his back.

On October 18, 1982, appellant filed a motion with the Bureau of Workers' Compensation (form C-86) requesting the payment of compensation for total disability and the payment of hospitalization expenses. After consideration of appellant's claim, the district hearing officer denied further compensation by order dated March 11, 1983. That order stated:

"It is the order of the District Hearing Officer that no further compensation be paid at this time; claimant's disability after 9/14/82 is due to an intervening injury, and not due to the industrial injury of 1/14/82.

"Further, it is the order of the District Hearing Officer that no further compensation be paid in this claim without prior hearing."

Appellant then appealed the district hearing officer's order to the Toledo Regional Board of Review, which reversed that order, and on September 26, 1983, ordered the payment of temporary total compensation for the period of September 14, 1982 through December 20, 1982. Both parties then appealed this order to the Industrial Commission of Ohio, which reinstated the district hearing officer's order and revoked the claimant's entitlement to temporary total disability benefits. Appellant then appealed the Industrial Commission's decision to the Common Pleas Court of Wood County. That court dismissed the instant cause finding that it lacked subject matter jurisdiction. It is from the trial court's dismissal of this cause that appellant appeals.

An employee or employer is given the right to appeal an adverse decision of the Industrial Commission or district hearing officer under R.C. 4123.519. That section states, in pertinent part, the following:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, *other than a decision as to the extent of disability,* to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state." (Emphasis added.)

The question presented by the instant appeal is whether appellant is appealing a decision which is "other than a decision as to the extent of disability." The term "extent of disability" is deceptively simple as will become evident after a cursory review of the Ohio cases which have attempted to define it.

In some situations it is easy to determine whether a decision determines the extent of an individual's disability or some other issue. However, it becomes extremely difficult to interpret what the legislature intended by this phrase in situations where an individual has been found to have a right to participate in

the Workers' Compensation Fund, but subsequently again injures or aggravates the original injury.

The Ohio Supreme Court has attempted to pin down exactly what is meant by "extent of disability" in a number of recent cases. The first major effort in this regard was *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503]. In *Zavatsky,* former Chief Justice Leach made an extensive review of Ohio cases on this subject. The conclusions the court reached were set out in its syllabus as follows:

"1. An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R.C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance.

"2. A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries.

"3. The right of either the claimant or the employer to appeal to the Court of Common Pleas from a decision of the Industrial Commission which is 'other than a decision as to the extent of disa-

bility' is not affected by the fact that the claimant is receiving or will receive compensation or benefits for allowed injuries involving losses or impairments of bodily functions other than those which are the subject of the appeal. Such right of appeal may be exercised by either the claimant or the employer, regardless of whether the decision granting or denying the right to so participate is a part of the same order or is part of a prior order which also grants or denies a right to participate for other injuries involving loss or impairment of other bodily functions."

When considering *Zavatsky, supra,* the court in *Miraglia* v. *B. F. Goodrich, supra,* stated at 130:

"It is firmly established that, once the claimant's right to participate in the fund is established, *the commission has the exclusive jurisdiction to determine the extent of the participation. Brecount* v. *Proctor & Gamble Co.* (1957), 166 Ohio St. 477 [2 O.O.2d 494], paragraph two of the syllabus; *State ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154 [57 O.O.2d 397]; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40 [56 O.O.2d 22]; and *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369 [8 O.O.3d 387].

"In *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], Chief Justice Leach gave a complete dissertation on the history of R.C. 4123.519 and *noted that the right to participate is appealable, but the extent of participation is not appealable."* (Emphasis added in part.)

The facts of the *Zavatsky* case were quite different than those in the case at bar and obviously that court's holding should be considered with this in mind. In *Zavatsky,* there were actually two cases before the court. In one, an individual had had an accident at work and he claimed that he injured his left elbow and back. The claimant was awarded compensation for the elbow injury but denied compensation as to the back in-

jury. The other case involved another work-related accident whereby the claimant suffered a contusion to the scalp and abrasion of the left wrist and was awarded compensation for these injuries. However, the same claimant came back three and one-half years later and filed a motion seeking to amend the original award to include a new medical condition described as hysterical neurosis.

The two fact situations in *Zavatsky* seem to differ from the facts of the instant case in one major respect, that is, that in the instant case the disability that was disallowed had to do with the same type of condition to the same part of the body that the original claim dealt with, whereas in *Zavatsky,* the claimants were seeking additional compensation for either new types of conditions or for different parts of the body than what their original allowed claims had involved. This distinction is crucial because if the subsequent disability is in a different part of the body than the original disability, then a decision which states that the subsequent disability is either caused by or not caused by the original compensable injury is a decision that is other than as to "extent of disability." *Id.* Since appellant in the case *sub judice* is claiming disability due to lower back problems which were also the basis of his original award, the *Zavatsky* case does not control the issue here.

Appellant argues in the instant case that since the district hearing officer made a finding that appellant's most recent disability was not due to nor caused by the original injury, this determination of causation is in effect a determination of appellant's right to participate in the Workers' Compensation Fund and is, therefore, appealable to the court of common pleas. This argument that where a decision determines causation of a disability that that decision is one other than as to the "extent of disabili-

ty" was advanced in a case with facts that are more similar to the case at bar than in *Zavatsky*. In *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206 [20 O.O.3d 209], the claimant slipped and fell at work and suffered injuries to her head, neck, arm and right knee, and filed a claim with the Bureau of Workers' Compensation based on those injuries. The claimant was granted temporary total disability for a six-month period. Six months after that six-month period had ended, the claimant filed a motion that she be paid temporary total benefits for her claimed disabilities from the end of the preceding six-month period to the current date. The claimant was awarded the benefits sought and the employer eventually appealed the decision to the common pleas court, pursuant to R.C. 4123.519. The employer advanced the argument that the Industrial Commission's decision determined the causal relationship between the original injury and the claimant's present disability and thereby determined the claimant's right to participate and not the "extent of disability," and, therefore, the Industrial Commission's decision was properly appealable. In dispensing with this causal relationship argument, the court there said that:

"Appellant argues that it is this question of such 'causal relationship' which it is raising in this appeal, and, therefore, appeal should lie. Appellant's argument would be effective if this appeal had been from the original decision awarding compensation or if claimant was seeking benefits for a new disability. However, neither situation prevails in the instant cause. As noted above, the employer did not appeal the original decision allowing the claim and, as conceded in appellant's brief, 'the instant case does not involve an additional medical condition, nor does it involve an injury to a different part of the body.' If appellant's argument is followed to its ultimate conclusion, either an employer

or employee could effectively circumvent the operation of R.C. 4123.519 by merely uttering the incantation 'causal relationship' upon the grant or denial of any claim for benefits subsequent to the original award.

"In the instant cause, the commission merely extended the duration of compensation being paid for injuries determined to be compensable in a previously allowed claim. The decision, therefore, was one as to the extent of disability and it was not properly appealable." (Citations omitted.) *Hospitality Motor Inns, supra,* at 211-212. (Emphasis added.)

The *Hospitality Motor Inns* case seems to hold that a decision by the Industrial Commission or district hearing officer which determines the existence of or absence of a causal relationship does not thereby render that decision one that is other than as to "extent of disability." Therefore, we are unconvinced by appellant's "causal relationship" argument.

Appellant places much reliance on the case of *Gilbert* v. *Midland Ross Corp.* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168], for the proposition that where an employee is injured on the job and receives workers' compensation for that injury and then subsequently again injures or aggravates the prior injury, a decision of the Industrial Commission which allows or disallows compensation for the subsequent disability is a decision on the employee's right to participate in the Workers' Compensation Fund and is therefore appealable to a court of common pleas. The facts in *Gilbert* are very close to the facts of the instant case but differ in two significant respects.

In *Gilbert,* the employee injured his back while on the job and received workers' compensation benefits for that injury. The employee recovered from his back injury and returned to work. Eleven days after returning to work, the employee injured his back again. The Industrial Commission awarded the employee compensation for the subsequent disability due to the original injury. The employer appealed the decision to the court of common pleas which court dismissed the employer's appeal saying that it was a decision as to the extent of the employee's disability and was therefore non-appealable. The Cuyahoga County Court of Appeals reversed the trial court, holding that the decision of the commission went to the question of causation rather than "extent of disability," and was therefore appealable. The Supreme Court upheld the court of appeals' determination and while doing so distinguished *Hospitality Motor Inns, supra,* on the basis that in *Hospitality Motor Inns,* the employee had never returned to work after the original injury but in the case before the *Gilbert* court the employee had returned to work. The *Gilbert* court explained the distinction as follows:

"The decision in the instant case, though in form a reactivation of a previously allowed claim, is in substance a decision on the right to participate in the fund because it establishes a new period of disability with a new right to receive benefits. Interpreting the commission's order as merely extending the period of disability, as appellants would have us do, ignores the fact that appellant Gilbert was not disabled and not receiving any benefits at the time of the second injury.

"Unlike the claimant in *Hospitality Motor Inns* v. *Gillespie, supra,* appellant returned to work before sustaining his second period of disability. He was awarded temporary total disability benefits after the first incident. These benefits ended on September 9, 1976. Thus, his right to participate, except such rights as are preserved by R.C. 4123.52, also ended on that day. He returned to work and for 11 days received no benefits. When he sustained the injury on September 21 and was

again awarded temporary total disability, this necessarily began a new period of disability and therefore a renewed right to participate. This is not the same as merely extending an existing period of disability. It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability." *Gilbert, supra,* at 271-272.

Unlike the facts in the *Gilbert* case, in the case *sub judice,* appellant never returned to work. Additionally, appellant in the instant case never suffered a distinct second injury at his place of employment. The fact that appellant never returned to work in the instant case distinguishes it from *Gilbert,* and the present situation is arguably controlled by *Hospitality Motor Inns.* Likewise, the fact that appellant herein did not suffer a distinct second injury at work is alone enough to distinguish the case *sub judice* from *Gilbert.*

The Ohio Supreme Court in the case of *State, ex rel. Roope,* v. *Indus. Comm.* (1982), 2 Ohio St. 3d 97, explicitly stated that the *Gilbert* case did not control the case before them because in *Gilbert* the employee had injured himself a second time at work, whereas in the case before them the employee again injured or aggravated his back injury while at home. The facts of *Roope* are extremely close to the facts of the case at bar. In *Roope,* the claimant had aggravated an injury suffered on the job at home. The claimant received workers' compensation benefits for the job-related injury. After he injured his back again while attempting to start a lawn mower at home he filed a form C-86 requesting that temporary total disability payments be made for the periods he was unable to work due to the second injury of his back. The Industrial Commission ended up denying the claimant benefits for the

second injury and the claimant brought an action in mandamus to compel the Industrial Commission to compensate him for his most recent disability caused by the second injury to his back. If the decision of the Industrial Commission were properly appealable under R.C. 4123.519, then the mandamus action would have been improper. The Supreme Court found in *Roope* that the decision of the Industrial Commission which denied the claimant benefits for his disability due to the second injury to his back was a decision as to the "extent of disability" and was not appealable to the court of common pleas under R.C. 4123.519 and, therefore, the mandamus action was proper.

In the above-referenced cases where there is a second injury after a pre-existing compensable injury, two salient factors which the Supreme Court has used to determine whether a decision of a district hearing officer or the Industrial Commission is one as to the "extent of disability" and therefore non-appealable, are one, whether the claimant has ever returned to work after the original injury and two, whether the second injury was at work or at home. Where the employee has not returned to work and/or where a second injury in the same location of the body does not occur at work, the Supreme Court has held that the decision of the district hearing officer or Industrial Commission either awarding benefits or not awarding benefits for the subsequent disability, is a decision as to the claimant's "extent of disability." In the case *sub judice,* appellant never returned to work after the original injury and any possible second injury that occurred necessarily did not occur at work. Therefore, relying on these two factors which we perceive to be determinative under the Supreme Court's previous rulings, we hold that the decision of the Industrial Commission denying appellant's benefits for his disability subsequent to

184

September 14, 1982 was a decision as to the extent of appellant's disability and was therefore not properly appealable to the Wood County Court of Common Pleas. Accordingly, we find appellant's sole assignment of error not well-taken.

Upon consideration whereof, we find substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and HANDWORK, J., concur.