THE STATE, EX REL. ANCHOR MOTOR FREIGHT, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Anchor Motor Freight, Inc., *v.* Indus. Comm. (1988),
40 Ohio St. 3d 50.]

(No. 87-1936—Submitted August 19, 1988—Decided December 14, 1988.)

*Schottenstein, Zox & Dunn Co., L.P.A., James E. Davidson* and *Raymond W. Perez,* for appellant.

*Traxler, Malkoff, Boyd, Smith & Rummell Co., L.P.A.,* and *Randall W. Rummell,* for appellee Rhodes.

*Per Curiam.* Where relator has a plain and adequate remedy in the ordinary course of the law, mandamus will not issue. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. An appeal of an Industrial Commission decision under R.C. 4123.519 is such a remedy. *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103, 42 O.O. 2d 324, 234 N.E. 2d 912. We find that the commission's order before us is appealable under R.C. 4123.519. As such,

appellant has a plain and adequate remedy at law.

R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state * * *.

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund * * *."

An order which goes to a claimant's right to participate in the State Insurance Fund is not a "decision as to the extent of disability" and is appealable under R.C. 4123.519. *State, ex rel. General Motors Corp.*, v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 71 O.O. 2d 255, 328 N.E. 2d 387. In *Gilbert* v. *Midland-Ross Corp.* (1981), 67 Ohio St. 2d 267, 21 O.O. 3d 168, 423 N.E. 2d 847, we held facts similar to those presently before us to involve the question of right to participation. In *Gilbert,* a 1976 back injury resulted in both an application to reactivate a previous back injury claim and an application for a new claim. The bureau denied the new claim, but granted the application to reactivate the earlier claim.

Following exhaustion of administrative appeals in *Gilbert,* the decisions in both claims were appealed to the common pleas court pursuant to R.C. 4123.519. The trial court dismissed the action with prejudice holding that the commission's decision was one as to

extent of disability and hence not appealable. The court of appeals reversed, holding that the commission's decision went to the question of causation rather than extent of disability, and was therefore appealable.

In affirming the appellate court's decision, we defined the issue as a "decision on the right to participate in the fund because it establishes a new period of disability with a new right to receive benefits. Interpreting the commission's order as merely extending the period of disability * * * ignores the fact that appellant Gilbert was not disabled and not receiving any benefits at the time of the second injury." *Id.* at 271, 21 O.O. 3d at 171, 423 N.E. 2d at 850. We concluded that "[t]he decision to reactivate a dormant claim when there has been an intervening trauma is, in effect, a decision granting the right to participate for an injury or impairment not previously claimed or passed upon." *Id.* at 272, 21 O.O. 3d at 171, 423 N.E. 2d at 851.

In the present case, appellant contends that the commission lacked jurisdiction to consider appellees' new claim applications. This contention is without merit. The fact that the bureau reactivated the old claims did not deprive the commission of *jurisdiction* in the later ones. The larger question of whether the new claims should have been granted in light of concurrent reactivation is the heart of the issue and goes to the right of participation.

We thus find that appellant has an adequate remedy at law by way of appeal pursuant to R.C. 4123.519. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.