## Ross v. Wolf Envelope Co.
### [Cite as 6 AOA 253]

Case No. 57015
Cuyahoga County, (8th)
Decided August 2, 1990

*Charles S. Tricarichi, Carla M. Tricarichi, 55 Public Square, Suite 2120, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*A. L. Corsi, Assistant Attorney General, 615 Superior Avenue, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Mark E. Staib (#0001369), Arthur M. Kaufman (#0017724), 800 National City E. 6th Bldg., Cleveland, Ohio 44114, for Defendant-Appellee.*

HOFSTETTER, J.

On March 13, 1984, claimant-appellant John Ross ("appellant") filed a worker's compensation claim with the Industrial Commission. Appellant contended that he contracted lung cancer as a result of his occupational exposure to asbestos during his tenure at employer-appellee Wolf Envelope Company ("appellee"). Appellant prevailed in the administrative proceedings before the Industrial Commission and was awarded worker's compensation benefits.

On November 5, 1986, appellee filed a notice of appeal from the Industrial Commission's decision pursuant to R.C. 4123.519. On December 5, 1986, appellant filed his complaint and on December 22, 1986, appellee filed its answer, both in compliance with R.C. 4123.519.

On October 13, 1988, a pre-trial hearing was conducted, wherein appellant informed the trial court that his expert medical witness, Dr. David

M. Rosenberg, had withdrawn as his expert witness. The trial court ordered that appellant had until November 21, 1988 to produce an expert report and further ordered that the trial would commence on December 5, 1988.

On December 2, 1988, appellant filed a notice of dismissal of his complaint without prejudice, pursuant to Civ. R. 41(A)(1)(a). Appellant stated that during the course of preparing for trial, he had relied on Dr. Rosenberg's medical reports, but after four years of treating appellant, Dr. Rosenberg had changed his opinion and was no longer willing to testify on behalf of appellant. Appellant argued that the instant complaint should have been dismissed due to the loss of his expert witness.

The trial court refused to accept appellant's notice of dismissal and on December 5, 1988, a bench trial commenced. At the close of appellant's case-in-chief, the trial court directed a verdict in favor of appellee, since appellant was unable to obtain the services of an expert medical witness. The trial court issued its order on December 7, 1988 granting appellee's directed verdict.

On December 30, 1988, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B). Appellant argued that he had newly discovered evidence pertaining to expert medical testimony which would justify a trial on the merits. Appellant's motion for relief from judgment was based solely on newly discovered evidence under Civ. R. 60(B) (2).

On January 6, 1989, appellant filed a notice of appeal from the trial court's December 7, 1988 order. On January 11, 1989, appellant filed a motion to remand to the trial court for a ruling on his motion for relief from judgment, which this court granted. On February 23, 1989, the trial court denied appellant's motion for relief from judgment.

The instant case was returned to this court, and subsequently, appellant raised the following assignments of error:

"I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO GRANT PLAINTIFF'S MOTION TO VACATE; THAT DENIAL, NOTWITHSTANDING THE PLAINTIFF'S DEMONSTRATION OF MERITORIOUS WORKER'S COMPENSATION CLAIM CONSTITUTES AN ABUSE OF DISCRETION.

"II. THE TRIAL COURT ERRED IN REFUSING TO RECOGNIZE THE APPELLANT'S NOTICE OF DISMISSAL PURSUANT TO CIVIL RULE 41(A)(1)(a)."

In his first assignment of error, appellant argues that the trial court erred and abused its discretion in denying his motion for relief from judgment pursuant to Civ. R. 60(B).

Civ. R. 60(B)[1] provides for relief from judgment or order. In considering the provisions of this rule, the Ohio Supreme Court has held:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146.

If the movant fails to demonstrate any of the three requirements set forth in *GTE,* it is fatal to the movant's claim for relief from judgment. *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App. 2d 216. The three requirements must be demonstrated by the submission of operative facts which allow the court to determine the validity of the movant's request. *Adomeit v. Baltimore* (1974), 39 Ohio App. 2d 97, 102.

On appeal, appellant argues that he was entitled to relief from judgment under Civ. R. 60(B)(1),(2) and (5). However, a review of appellant's motion for relief from judgment discloses that appellant did not allege grounds for relief under Civ. R. (B)(1) and (5). Appellant's only requested relief from judgment was pursuant to Civ. R. (B)(2) for newly discovered evidence. Thus, this court will only address appellant's assignment of error pertaining to Civ. R. 60(B) (2).

Appellant's requested relief from judgment pursuant to Civ. R. 60(B) (2) was based upon newly discovered evidence. Civ. R. 60(B) (2) permits a trial court to relieve a party from a final judgment based upon newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Civ. R. 59(B).

In his motion for relief pursuant to Civ. R. 60(B) (2), appellant contended that the post-trial medical reports from two doctors constituted newly discovered evidence necessitating a relief from judgment. However, appellant failed to demonstrate how his newly discovered evidence

could not have been discovered by due diligence. In its order, the trial court specifically noted that appellant was provided great latitude in continuing the trial dates to obtain additional medical testimony in support of his case. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment pursuant to Civ. R. 60(B) (2).

Appellant's first assignment of error is without merit and is overruled.

In his second assignment of error, appellant argues that the trial court erred in refusing to recognize his notice of dismissal of his complaint pursuant to Civ. R. 41(A)(1)(a).

Under Civ. R. 41(A)(1)(a), a plaintiff has an absolute right to dismiss his action once, without prejudice, before the commencement of trial, unless the case involves a counterclaim which cannot be independently adjudicated. *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App. 3d 224.

The instant matter involved appellee's worker's compensation appeal from the Industrial Commission to the court of common pleas, pursuant to R.C. 4123.519. Subsequent to appellee's filing of its notice of appeal, appellant filed his complaint which provided for a trial de novo. Contra *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St. 3d 67. In said complaint appellant sought to voluntarily dismiss pursuant to Civ. R. 41(A)(1)(a).

The Rules of Civil Procedure are applicable to proceedings brought under R.C. 4123.519. *Price v. Westinghouse Electric Corp.* (1982), 70 Ohio St. 2d 131. Civ. R. 41(A)(1)(a) expressly provides for a unilateral dismissal by a "plaintiff." When an employer files a notice of appeal pursuant to R.C. 4123.519, the claimant is required to file a complaint showing his cause of action to participate or to continue to participate in the fund. The claimant is listed in the caption of that action as the "plaintiff." *United Parcel Serv., Inc. v. Rice* (1982), 4 Ohio App. 3d 4. Accordingly, appellant had a right to dismiss his complaint once, pursuant to Civ. R. 41(A)(1)(a).

Appellee's appeal from the decision of the Industrial Commission cannot be dismissed due to the voluntary dismissal of appellant's complaint. Cf. *Ford Motor Co. v. Hamilton* (1983), 9 Ohio App. 3d 17. Appellee fulfilled its legal responsibility by filing a timely notice of appeal under R.C. 4123.519, thus, its appeal cannot be dismissed.

Appellant's right to file another complaint in accordance with R.C. 4123.519 has not been prejudiced. R.C. 2305.19, the savings statute, is applicable to worker's compensation complaints filed in the court of common pleas. *Lewis v. Connor* (1985), 21 Ohio St. 3d 1, syllabus. Therefore, the date for filing another complaint under R.C. 4123.519 relates back to the filing date for the original complaint for limitations purposes. *Id.;* see also *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St. 3d 162, 163.

For the foregoing reasons, we conclude the trial court erred in failing to recognize appellant's notice of dismissal of his complaint.

Appellant's second assignment of error is well taken and is sustained.

The trial court decision is reversed and is remanded for proceedings consistent with this opinion.

This cause is reversed and remanded for further proceedings consistent with this journal entry and opinion.

KRUPANSKY, P.J., and SWEENEY, J., concur.

Sitting by assignment, Edwin T. Hofstetter, Retired Judge of the 11th Appellate District.

---

[1] Civ. R. 60(B) provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."