ANDERSON, APPELLEE, *v.* GENERAL MOTORS CORP., TERNSTEDT DIVISION, APPELLANT; YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, APPELLEE.

(No. 6871—Decided June 12, 1962.)

*Messrs. Solsberry, Ketcham & Radar,* for plaintiff appellee.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell P. Herrold, Jr.,* for appellant.
*Mr. Mark McElroy,* attorney general, *Mr. Alvin C. Vinopal* and *Mrs. Mary Spivey Durham,* for defendant appellee.

Duffy, J. This is an appeal from an entry of the Common Pleas Court of Franklin County, wherein the trial judge fixed the attorney fees as part of the costs in a case in which the claimant was successful in an appeal made by the employer from a decision of the Industrial Commission.

The employer questions the right of the trial court to tax the attorney fees as part of the costs because the motion or application to the court for attorney fees was not made until several terms of court after the entry on the merits of the case was made by the trial judge; and because the law did not provide for the payment of attorney fees at the time the appeal was commenced. They contend, to apply the amendment to Section 4123.519, Revised Code, to this case constitutes a retroactive assessing of fees against the appellant in violation of Section 28, Article II of the Ohio Constitution.

The case on the merits was tried before the judge, a jury having been waived, and it resulted in a judgment for the plaintiff, which judgment was filed in March 1959. A motion for new trial was overruled, after argument, in January 1960, but the judge's decision on the overruling of the motion for new trial was not journalized until October 4, 1960. In May 1961, the attorneys for the employee filed an application for attorney fees, and on July 19, 1961, the judge's decision was rendered allowing attorney fees, and that decision was journalized on October 14, 1961.

It is to be noted that Section 4123.519, Revised Code, was amended effective November 2, 1959, so that "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge * * * shall be taxed against the employer * * *." This amendment was to apply to all cases pending in the Common Pleas Courts. The Workmen's Compensation Law did contain a similar provision when the claimant was injured in 1953, but was not provided for during the period from October 5, 1955, to November 2, 1959. In the original entry granting judgment

to the plaintiff the trial judge did order that the claimant recover her costs.

Section 2335.18, Revised Code, provides that in all actions, motions, and proceedings, in any of the courts of this state, costs of the parties shall be taxed and entered of record separately.

Section 2335.19, Revised Code, states that:

"On the rendition of judgment, in any cause, the costs of the party recovering, together with his debt or damages, shall be carried into his judgment, and the costs of the party against whom such judgment is rendered shall be separately stated in the record or docket entry. * * *"

Section 4123.519, Revised Code, provides:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the Industrial Commission if the Industrial Commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *"

The trial judge felt that the statute placed a duty upon him to assess the costs and that his jurisdiction over the costs continued into the subsequent terms of court. In as much as this was a pending case at the time of the amendment of the section, and some proceedings took place after the effective date of the amendment, we believe the trial judge to be correct in his ruling.

It should be noted that the amendment applies only to pending cases and does not impose new or additional burdens, duties, obligations or liabilities to past transactions, and does concern only the remedy which the employer sought to pursue. It does not disturb any vested right, and provides only for the taxing of costs when the case is pending. See *State, ex rel. Michaels,* v. *Morse,* 165 Ohio St., 599, at page 607.

We believe the judgment should be, and it hereby is, affirmed.

*Judgment affirmed.*

BRYANT, J., concurs.

DUFFEY, P. J., dissents.