**CHRYSLER CORPORATION, Appellant-Employer below, Appellant,**

v.

**Anthony VIGLINO, Appellee-Employee below, Appellee.**

Supreme Court of Delaware.

Nov. 14, 1969.

Carl Schnee, Wilmington, for appellant-employer below, appellant.

John A. Faraone, Wilmington, for appellee-employee below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This is a workmen's compensation case which was appealed by the employer to Superior Court, thence to this Court. Anthony Viglino (Employee) was employed by Chrysler Corporation (Employer). Employee claimed compensation for injuries to

his back and knee allegedly suffered in a fall. The Industrial Accident Board made an award in his favor for the back injury only. The Court below affirmed, but remanded and directed the Board to amend its award by including therein a finding concerning the knee injury which was undisputed by Employer.

■ Employer's main contention is that the evidence does not justify a finding in favor of Employee for the back injury. The testimony is rather lengthy and will not be summarized here. We have reviewed it and agree that it sufficiently justifies the findings made. The parties point out, however, that the Board made no decision on Employee's claim of permanency or on Employer's claim of pre-existing condition. The remand to the Board should accordingly include a direction that the Board determine those claims.

■ Employer has raised two other questions which require brief discussion. The first is the inclusion in the costs of a witness fee for one of Employee's medical witnesses. This doctor treated Employee; he lives and practices in New Jersey. His testimony was taken in that State by deposition, which was admitted into evidence and which was helpful to Employee. T. 19 Del.C. § 2322(e) provides that the fees of medical witnesses "testifying at hearings" before the Board in behalf of the employee shall be taxed as a cost to the employer if an award is made. Employer argues that this section does not apply to evidence taken on deposition, citing General Motors Corporation v. Huester, 242 A.2d 314, in which the Superior Court so held. We can think of no sound reason why an employee should be deprived of the benefit of this section simply because his doctor, as a nonresident of Delaware, could not be compelled by subpoena to attend the hearing. It seems correct to say that the doctor did, in effect, testify at the hearing through his deposition. It is our opinion that the *Huester* ruling gave the section an unduly narrow construction; we overrule it and

affirm the decision of the lower Court on this point.

■ The final question concerns the fee allowed Employee's attorney under T. 19 Del.C. § 2127. Prior to July 21, 1966, that section permitted the Board to allow a reasonable fee subject to a maximum of 30% of the award or $500, whichever is smaller. On that date, an amendment was enacted which changed the maximum to 30% of the award or $2250, whichever is smaller. The Board's allowance in this case was made according to the amendment, although Employee's injuries occurred prior thereto. The allowance was confirmed by the Court below. Employer contends that the ruling is a retroactive application of the amendment and is contrary to the Delaware cases which hold that a statute involving substantive rights will not be deemed retroactive in the absence of express language to that effect, or language which necessarily implies such an intent. Miller v. Ellis, 11 Terry 11, 122 A.2d 314.

There are authorities which hold that statutes concerning counsel fees in workmen's compensation cases do not involve a substantive matter, and that the amount of fee is to be determined by the law which is in force at the time the fee is allowed. Solomon v. A. W. Farney, Inc., 136 Neb. 338, 286 N.W. 254; Stancil v. United States, D.C., 200 F.Supp. 36. Cf. Anderson v. General Motors Corp., 116 Ohio App. 92, 186 N.E.2d 765. In the present case, Employee did not retain counsel until sometime after the amendment; the hearing and decision came several months thereafter. Until the hearing, the Board could not determine how much the lawyer ought to receive, since it is not bound to allow the maximum amount in all cases. We do not look upon the ruling of the Board as a retroactive application of the statute; on the contrary, we think the statute is procedural and is applicable to cases instituted after its adoption. It would be wrong, in our opinion, to say that the

maximum amount of counsel fees became fixed on the date of the injuries. See cases cited supra. The Delaware cases cited by Employer deal with substantive rights and obligations as between an employer and his employee, and are not controlling on the question here. We agree with the ruling made below on this point.

The judgment of the Superior Court will be affirmed, subject to the modifications mentioned herein.