GINNIS, APPELLEE, *v.* ATLAS PAINTING & SHEETING COMPANY; ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, ET AL., APPELLANTS.

[Cite as *Ginnis v. Atlas Painting & Sheeting Co.* (1992), 63 Ohio St.3d 754.]

(No. 91–1638—Submitted February 25, 1992—Decided June 10, 1992.)

*Nikitas Skoufatos,* for appellee.

*Lee I. Fisher,* Attorney General, and *Fred J. Pompeani,* for appellants.

---

SWEENEY, J.    Appellants argue that the amendment to R.C. 4123.519, by Am.Sub. H.B. No. 222, 143 Ohio Laws, Part II, 3197, 3353, 3355, effective November 3, 1989, which permits the trial judge to fix an attorney fee up to $2,500 to the claimant's attorney, does not apply to a workers' compensation appeal filed in the common pleas court before November 3, 1989.   Appellants further contend that the amendment to R.C. 4123.519 contains no clearly expressed legislative intent that it could be applied retrospectively.

In our view, appellants are clearly erroneous in their interpretation of the language of R.C. 4123.519, effective November 3, 1989;   therefore, we affirm the decision of the court of appeals below.

R.C. 4123.519(E) provides as follows:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund.   The attorney's fee shall not exceed twenty-five hundred dollars."

While appellants cite *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, for the proposition that "[w]here there is no clear indication of retoractive [*sic*] application, then the statute may only apply to cases which arise subsequent to its enactment," they ignore the clear language found in the last sentence of R.C. 4123.519.   That sentence states that "[a]ny action pending in common pleas court or any other court on January 1, 1986 under this section shall be governed by sections 4123.514, 4123.515, 4123.516, 4123.519, and 4123.522 of the Revised Code."

The parties agree that the instant case was pending in the court of common pleas on January 1, 1986.   A reasonable interpretation of the foregoing statutory language appears to indicate that subsequent statutory amendments to R.C. 4123.519 are applicable to workers' compensation cases pending in any court on the effective dates of the amendments.   Therefore, the plain lan-

guage of R.C. 4123.519 evidences an intent by the General Assembly that the increased attorney fee allowance be retroactively applicable to cases such as the cause *sub judice*.  See, also, *Anderson v. General Motors Corp.* (1962), 116 Ohio App. 92, 21 O.O.2d 319, 186 N.E.2d 765.

Any doubt as to the propriety of the foregoing interpretation is removed by R.C. 4123.95, which states that "[s]ections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

Therefore we hold that pursuant to R.C. 4123.519, the provision of R.C. 4123.519(E) permitting the trial judge to fix an attorney fee up to $2,500 to the claimant's attorney, applies retroactively to any workers' compensation case pending in any court as of November 3, 1989, the effective date of the amendment allowing attorney fees in that amount.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.