CANNON, Appellee,

v.

CATALYTIC, INC., Appellant; Mihm, Adm., Appellee.

[Cite as *Cannon v. Catalytic, Inc.* (1992), 84 Ohio App.3d 488.]

Court of Appeals of Ohio,
Scioto County.

No. 91 CA 2023.

Decided Dec. 22, 1992.

*Mark E. Aalyson,* for appellee James Cannon.

*J. Scott Jamieson* and *Yolanda Vorys,* for appellant.

*Lee Fisher,* Attorney General, and *Richard A. Hernandez,* Assistant Attorney General, for appellee Patrick Mihm, Administrator.

PETER B. ABELE, Judge.

This is an appeal from a Scioto County Common Pleas Court judgment ordering Catalytic, Inc, defendant below and appellant herein, to pay $2,500 for attorney fees incurred by James Cannon, plaintiff below and appellee herein.

Appellant assigns the following error:

"The trial court erred in granting plaintiff's request for an attorney's fee."

Although the record transmitted on appeal does not include the record of proceedings before the Ohio Industrial Commission, we glean the following facts from appellee's complaint.  On June 2, 1989, the Bureau of Workers' Compensation district hearing officer mailed an order rejecting appellee's workers' compen-

sation claim on statute-of-limitations grounds. The officer noted that although a doctor diagnosed appellee as having asbestosis in November 1976, appellee did not file his application for workers' compensation benefits until November 13, 1987.

On November 17, 1989, the Columbus Regional Board mailed an order reversing the hearing officer's order. The board noted appellee became disabled on November 16, 1985 and filed his application for benefits on November 13, 1987, within the two-year statute of limitations of R.C. 4123.85. In an order mailed June 21, 1990, the commission affirmed the board's decision and remanded the case to a district hearing officer for a decision on the merits.

On August 22, 1990, appellant filed a notice of appeal in the Scioto County Common Pleas Court from the Industrial Commission's June 21, 1990 order.[1] On December 27, 1990, the court granted appellee leave to file his complaint instanter.

On August 14, 1991, appellee moved for summary judgment with an affidavit stating his disability began on November 16, 1985 and he filed an application for workers' compensation benefits on November 13, 1987, within the two-year statute of limitations. On September 19, 1991, appellant filed a memorandum and cross-motion for summary judgment arguing the critical date is the November 1976 date of diagnosis, not the November 16, 1985 date of disability. On September 23, 1991, the court granted appellee's motion for summary judgment. No one filed an appeal from the September 23, 1991 judgment.

The instant appeal involves appellee's November 5, 1991 motion for a $2,500 attorney fee award pursuant to R.C. 4123.519(E). On November 6, 1991, the court notified the parties the motion would be heard at 8:00 a.m. on November 19, 1991. On November 21, 1991, the court entered judgment granting the motion and assessing appellant $2,500 for attorney fees incurred by appellee.

In a December 5, 1991 memorandum, appellant opposed appellee's motion for attorney fees. Appellant argued R.C. 4123.519(E) does not permit courts to award attorney fees until after the claimant's right to participate in the Workers' Compensation Fund has been established. Appellant argued appellee's right to

---

1. On August 29, 1990, Catalytic, Inc. filed a second notice of appeal from the commission's June 21, 1990 order—this time in the Lawrence County Common Pleas Court. On September 26, 1991, that court transferred the case to the Scioto County Common Pleas Court and denied James Cannon's request for attorney fees.

   On October 24, 1991, James Cannon filed a notice of appeal from the Lawrence County Common Pleas Court judgment. His sole assignment of error concerned the court's denial of his request for attorney fees.

   In *Cannon v. Catalytic, Inc.* (June 27, 1992), Lawrence App. No. 91 CA 23, unreported, 1992 WL 154173, we dismissed the appeal, holding the Lawrence County Common Pleas Court's September 26, 1991 order did not constitute a final appealable order.

participate has not yet been fully established in the case *sub judice*. Appellant further argued appellee should not receive the maximum $2,500 award.

Appellant filed a timely notice of appeal from the November 21, 1991 judgment entry.

## I

Appellant raises two arguments in support of its sole assignment of error. First, appellant argues the court erred by awarding appellee attorney fees. Second, in the alternative, appellant argues the attorney fee award must not exceed $1,500, the statutory maximum in effect at the time appellee became disabled.

█ Appellant asserts R.C. 4123.519(E) permits attorney fee awards only after a claimant's right to participate in the Workers' Compensation Fund has been established. Appellant argues appellee has not yet received an order finally adjudicating his right to participate. Both parties cite R.C. 4123.519(E). The statute provides:

"(E) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, *in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal,* shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars." (Emphasis added.)

The critical question in the case *sub judice* involves the meaning of the words italicized in the statute above. Under what circumstances is a claimant's "right to participate" in the fund "established" upon the final determination of an appeal?

Appellant argues claimants may not recover attorney fees until they have been awarded workers' compensation benefits. In the case *sub judice*, the Scioto County Common Pleas Court did not award appellee benefits, but merely held the statute of limitations does not bar appellee from participating in the fund. Appellee must now go back to the Industrial Commission to prove his right to recover benefits for asbestosis, appellant argues.

Appellee argues the appeal to the Scioto County Common Pleas Court established his right to participate in the Workers' Compensation Fund. As a result of the appeal, appellee may return to the Industrial Commission to prove his right to recover for asbestosis. Appellee argues his right to return to the Industrial Commission is a "right to participate" in the Workers' Compensation Fund.

Appellant relies upon *Taylor v. Chrysler Corp.* (Feb. 24, 1988), Summit App.No. 13171, unreported, 1988 WL 24336, and *Salmond v. Owens–Illinois, Inc.* (Apr. 26, 1985), Lucas App.No. L–84–229, unreported, 1985 WL 7106, in support of its position. After the *Taylor* claimant won a workers' compensation award, his employer appealed to the common pleas court. The appeal ended when the parties entered into a stipulated judgment entry remanding the case to the Industrial Commission for further proceedings. Thereafter, the claimant filed a motion for attorney fees. The common pleas court denied the motion. The Ninth District affirmed the denial, noting:

"Taylor argues that, as attorney's fees and costs are recoverable even where the appeal is dismissed for lack of jurisdiction or where the employer withdraws the appeal after discovery, he should prevail. *Hospitality Motor Inns [Inc. v. Gillespie], supra* [ (1981), 66 Ohio St.2d 206, 20 O.O.3d 209, 421 N.E.2d 134]; *Moore v. General Motors Corp.* (1985), 18 Ohio St.3d 259 [18 OBR 314, 480 N.E.2d 1101]; *Wickline v. Ohio Bell Tel. Co.* (1983), 9 Ohio App.3d 32 [9 OBR 34, 457 N.E.2d 1192]. However, in each of those cases cited the orders of the Industrial Commission finally remained in effect. *The stipulated judgment entry herein specifically granted the employer's appeal,* reversed the orders of the Industrial Commission, and remanded the cause for further determination. Accordingly, there was no final determination of the appeal and the prior ruling of the Industrial Commission no longer remained in effect; Chrysler's appeal was granted. Although Taylor's claim finally was allowed, apparently for a different diagnosis, that allowance was not upon the final determination on appeal but rather as a result of administrative rulings. Therefore, Taylor's motion for an order taxing costs and attorney's fees was properly denied by the trial court." (Emphasis added.)

Although appellant claims *Taylor* is directly on point with the case *sub judice,* appellee notes a major difference between the two cases. In *Taylor,* the claimant lost on appeal to the common pleas court; in the case *sub judice,* the claimant won on appeal to the common pleas court.

The *Salmond* claimant also lost on appeal to the common pleas court. The Sixth District held R.C. 4123.519(E) permits court costs and attorney fee awards only to successful claimants. The Sixth District quoted the syllabus from *Hospitality Motor Inns, Inc. v. Gillespie* (1981), 66 Ohio St.2d 206, 20 O.O.3d 209, 421 N.E.2d 134, as follows:

" 'The "legal proceedings" contemplated by R.C. 4123.519 is the act of appeal, itself, and once such appeal is perfected, the Court of Common Pleas has authority to award attorney's fees to *the successful claimant,* notwithstanding the fact that the appeal is subsequently dismissed for lack of jurisdiction.' " (Emphasis added.)

The Sixth District then commented:

"The critical portion of the quotation is the Ohio Supreme Court's emphasis on awarding attorney fees only to successful claimants. *In our opinion, the emphasis on a successful claimant should be applied not only to attorney's fees, but to court costs.* Cf. *Jones v. Pierson* (1981), 2 Ohio App.3d 447 [2 OBR 542, 442 N.E.2d 791]; Civ.R. 54(D)." (Emphasis added.)

*Salmond* thus stands for the proposition that attorney fees may not be awarded to claimants who lose on appeal. See, also, *Gomez v. Owens–Illinois, Inc.* (Sept. 27, 1985), Lucas App. No. L–85–031, unreported, 1985 WL 7608. As we have noted above, the claimant in the case *sub judice* won on appeal.

*Taylor* and *Salmond* do little to answer the critical question in our case—when is a claimant's "right to participate" in the Workers' Compensation Fund "established"?

Appellee relies upon *Hospitality Motor Inns, supra,* and *Moellendick v. United Dairy, Inc.* (Aug. 22, 1991), Belmont App. No. 90–B–32, unreported, 1991 WL 161341. In *Hospitality Motor Inns,* the employer did not appeal when the claimant won six months of temporary total disability benefits in a February 1, 1974 order. The employer did appeal, however, when the claimant won an additional sixteen months of benefits for the same disability. The claimant moved to dismiss the appeal for the reason that the Industrial Commission's decision addressed the extent of the claimant's disability and hence was not appealable. See R.C. 4123.519(A). The common pleas court dismissed the appeal for lack of subject matter jurisdiction and granted the claimant's request for attorney fees. The First District Court of Appeals affirmed. The Ohio Supreme Court also affirmed, permitting the claimant to recover attorney fees notwithstanding the fact the common pleas court dismissed the employer's appeal for lack of jurisdiction. The court commented that although the dismissal did not determine the claimant's right to participate in the Workers' Compensation Fund, the claimant's right to participate had been established earlier, in the original February 1, 1974 order:

" * * * It is clear that the decision as to claimant's *right to participate* was made, not in the commission's order granting further compensation, but in the original order of February 1, 1974—an order which the employer did not appeal." *Hospitality Motor Inns,* 66 Ohio St.2d at 210, 20 O.O.3d at 211, 421 N.E.2d at 137.

The *Hospitality Motor Inns* decision instructs us that a claimant's right to participate is made upon an order allowing the claim. Is this the only way a claimant's right to participate may be established? When is a claimant's right to continue to participate established?

Appellee cites the following reasoning from *Hospitality Motor Inns* at 213, 20 O.O.3d at 213, 421 N.E.2d at 138:

"A review of the record clearly illustrates that appellant sought to invoke the jurisdiction of the Court of Common Pleas by way of appeal. The 'legal proceedings' contemplated by R.C. 4123.519 is the act of appeal, itself. We can see no practical difference between the instant case and a case wherein it is only after a trial *de novo* that the Court of Common Pleas determines that it lacks jurisdiction to decide the issue. The procedure utilized by the appellant was still an 'appeal' and the same was prosecuted, albeit unsuccessfully by the appellant, pursuant to R.C. 4123.519. Having sought the benefits of R.C. 4123.519, appellant can not now be heard to complain of the detriments flowing therefrom."

The reasoning of the Ohio Supreme Court in *Hospitality Motor Inns* applies forcefully to the case *sub judice*. We see no practical difference between the case *sub judice* and a case where the statute-of-limitations issue might arrive in the common pleas court after a determination of the merits of the claim. Appellant brought the instant case to the common pleas court pursuant to R.C. 4123.519. Having sought the benefits of the statute, appellant must not now be heard to complain of the detriments of the statute.

■ At least one appellate district has applied *Hospitality Motor Inns* in a similar manner. In *Moellendick, supra,* the employer appealed an Industrial Commission decision that merely granted the claimant a right to a hearing on the merits of his claim. The court, citing *Hospitality Motor Inns,* permitted the claimant to recover attorney fees. It appears a claimant's "right to participate or to continue to participate" in the Workers' Compensation Fund is established whenever the claimant prevails in an appeal brought by the employer. See, also, *Painter v. Midland Steel Prod. Co.* (1989), 65 Ohio App.3d 273, 583 N.E.2d 1018, where the court rejected an employer's argument that its voluntary dismissal of its appeal meant there was no "final determination" necessary to trigger the R.C. 4123.519(E) attorney fees provision.

## II

■ We will now address the second argument appellant raises under its sole assignment of error. Appellant argues the new R.C. 4123.519 attorney fee limit of $2,500, effective on November 3, 1989, should not be applied retroactively to the instant case. A recent Ohio Supreme Court decision requires us to reject appellant's argument.

In *Ginnis v. Atlas Painting & Sheeting Co.* (1992), 63 Ohio St.3d 754, 591 N.E.2d 694, syllabus, the court held:

"Pursuant to R.C. 4123.519, the provision of R.C. 4123.519(E), permitting the trial judge to fix an attorney fee up to $2,500 to the claimant's attorney, applies retroactively to any workers' compensation case pending in any court as of November 3, 1989, the effective date of the amendment allowing attorney fees in that amount."

In the case *sub judice,* appellee filed his application for workers' compensation benefits on November 13, 1987, nearly two years before the November 3, 1989 effective date of the amendment to the statute. The instant case, however, did not reach the courts until appellant filed a notice of appeal on August 22, 1990.

Implicit in the *Ginnis* decision is a holding that the new $2,500 maximum applies to all cases reaching the courts after November 3, 1989. We seriously doubt the Ohio Supreme Court would allow the $2,500 maximum to be applied to cases pending in any court on November 3, 1989, but would forbid the $2,500 maximum to be applied to cases pending before the Industrial Commission on that date but not filed in a court until after that date. For this reason, we find the court did not err when awarding the $2,500 maximum to appellee.

*Judgment affirmed.*

STEPHENSON, P.J., concurs separately.

HARSHA, J., dissents.

STEPHENSON, Presiding Judge, concurring.

I concur basically in the judgment and opinion but would add the following. In construing R.C. 4123.519(E), the General Assembly has mandated in R.C. 4123.95 that "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

R.C. 4123.519(E) reads as follows:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, *in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal,* shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars." (Emphasis added.)

We need not stop to determine what the General Assembly intended by the words "legal proceedings." That question was resolved by the Ohio Supreme Court in the syllabus in *Hospitality Motor Inns, Inc. v. Gillespie* (1981), 66 Ohio St.2d 206, 20 O.O.3d 209, 421 N.E.2d 134. Rather, the dispositive issue is what

was intended by the language emphasized above, *i.e.*, "in the event the claimant's right to participate *or to continue to participate in the fund is established upon the final determination of an appeal.*"

In adopting the present statutory scheme for court review of administrative orders in the Workers' Compensation Act, the General Assembly provided, *inter alia*, in R.C. 4123.519(C) the following:

"The court, or the jury under the instructions of the court, if a jury is demanded, *shall determine the right of the claimant to participate or to continue to participate in the fund* upon the evidence adduced at the hearing of the action." (Emphasis added.)

The right of an employee to participate or continue to participate is the ultimate and sole issue for resolution by the court. *Smith v. Young* (1963), 119 Ohio App. 176, 26 O.O.2d 405, 197 N.E.2d 835. While there will be subordinate disputed issues in the appeal, *i.e.*, whether the claimant was an employee, whether he suffered an injury, whether the injury was in the course of employment, etc., the jury or court determines the statutory issue set forth above.

Appellant argues that the General Assembly intended to allow attorney fees only when the appeal fully resolves the right to participate in the fund without further action at the administrative level. I disagree with that narrow construction for the following reasons.

First, it is to be noted the identical phrase "participate or to continue to participate in the fund" appears in both R.C. 4123.519(E) and R.C. 4123.519(C). Manifestly these subsections are both a part of R.C. Chapter 4123, and are *in pari materia*, and thus it is reasonable to presume the same meaning was intended in each. *Henry v. Trustees* (1891), 48 Ohio St. 671, 30 N.E. 1122; *Rhodes v. Weldy* (1889), 46 Ohio St. 234, 20 N.E. 461. In enacting the statutory scheme for appeal and allowance of attorney fees, the General Assembly was presumably aware that court appeals would be taken from administrative orders where the right of full participation in the fund had not yet been administratively allowed, as occurred in the case *sub judice*.

Since, under the statutory issue in R.C. 4123.519(C), a disposition by a judgment or order finding upon a subsidiary issue, *i.e.*, that the claim was timely filed, would be improper, only a right to participate in the fund should be adjudicated in the order. Thus, there has been a right to participate in the fund upon the final determination of the appeal, albeit further proceedings must be held on other issues to establish the right to compensation, and it follows that attorney fees were properly awarded pursuant to R.C. 4123.519(E).

In sum, and consistent with the mandate of liberal construction in R.C. 4123.95, I hold that the General Assembly intended the recovery of attorney fees when an

injured worker prevails in an employer appeal, irrespective of whether further proceedings on other issues than the one appealed are required on remand to establish the right to benefits. In short, when the employee prevails on the sole disputed issue in the appeal, he has established "a right to participate in the fund" on that issue. To hold otherwise would be to require the injured worker to expend nonrecoverable attorney fees to protect his claim even though he prevailed at both the administrative and court levels. As stated in *Hospitality Motor Inns, supra,* 66 Ohio St.2d at 213, 20 O.O.3d at 213, 421 N.E.2d at 138, "[h]aving sought the benefits of R.C. 4123.519, appellant can not now be heard to complain of the detriments following therefrom."

Hence, my concurrence.

HARSHA, Judge, dissenting.

I respectfully dissent from the judgment and opinion overruling appellant's assignment of error and affirming the judgment of the common pleas court.

Appellant's assignment of error asserts that the trial court erred in granting appellee Cannon's motion for attorney fees. R.C. 4123.519(E) provides:

"The cost of any legal proceedings authorized by this section, including an attorney's fees to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, *in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal,* shall be taxed against the employer * * *." (Emphasis added.)

This appeal involves the statutory interpretation of the foregoing provision. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461. In interpreting a statute, the words must be taken in their usual, normal, or customary meaning. *Indep. Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. Although workers' compensation statutes are to be liberally construed in favor of employees, R.C. 4123.95, courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 132, 601 N.E.2d 503, 509. In other words, courts may not delete words used or insert words not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80.

The only decisions reviewable pursuant to R.C. 4123.519 are those decisions involving a claimant's right to participate or to continue to participate in the fund.

*Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus. The decision regarding whether the statute of limitations barred appellee's claim "involved" his right to participate. However, in order to be entitled to attorney fees pursuant to R.C. 4123.519(E), the plain language of the statute requires that the right to participate or to continue to participate must not merely be "involved"; it must be "established." The word "establish" means "[t]o settle firmly, to fix unalterably." Black's Law Dictionary (5 Ed.1979) 490. This appeal does not settle or fix unalterably claimant's right to participate or to continue to participate in the fund. Instead, it merely decides a preliminary procedural issue. When the claimant is victorious and his right to participate in the fund is upheld in the trial court, attorney fees shall be taxed against the employer, if it was the employer who contested the claimant's right to benefits. *Painter, supra,* 65 Ohio App.3d at 278, 583 N.E.2d at 1021. The right to participate is established by examining the injury suffered by the claimant to a specific part of his body to determine whether the injury in fact exists and was proximately caused by the claimant's employment. *Boston v. Daugherty* (1983), 12 Ohio App.3d 4, 12 OBR 88, 465 N.E.2d 1317. In the case at bar, there was no determination to this effect by the Industrial Commission regarding appellee Cannon's claim of asbestosis. In fact, its order mailed June 21, 1990 explicitly stated that it was "not to be construed as a ruling on the merits." Moreover, as the principal opinion admits, the Ohio Supreme Court's decision in *Hospitality Motor Inns* is distinguishable since, in that case, the claimant's right to participate in the fund had already been established. To the extent that the appellate court in *Moellendick, supra,* expands the language of R.C. 4123.519(E) and the holding of *Hospitality Motor Inns,* I am unpersuaded by its result.

Although the concurring opinion also notes that "[t]o hold otherwise would be *to require the injured worker to expend nonrecoverable attorney fees to protect his claim* * * *,*" judicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy. See *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672, 673. To hold as the majority does in this case is to treat the limiting phrase of R.C. 4123.519 as mere surplusage and to ignore the plain meaning of the words used by the General Assembly. In effect, the majority is judicially amending R.C. 4123.519(E) to allow attorney fees "in the event a *preliminary issue to* the claimant's right to participate or to continue to participate in the fund is *decided in the claimant's favor* * * *.*" (Emphasis added.) Any policy arguments mentioned by appellee and the majority opinions that might favor an award of attorney fees in these cases are better resolved by legislative action in the General Assembly.

It should also be noted that aggrieved workers are not entirely without any remedy in these cases because if they can demonstrate that there was no good-faith basis for the employer's appeal on the procedural issue, they may seek attorney fees pursuant to the frivolous conduct statute, or if they are able to show willful misconduct on the part of the employer's counsel, they may seek attorney fees pursuant to Civ.R. 11.

In sum, the majority would allow a claimant, who is ultimately unsuccessful on the merits of the application, to recover attorney fees at several preliminary stages of the determination, even though the application is totally meritless. I do not believe that was the intent of the General Assembly.

Accordingly, since appellee and the common pleas court's interpretation of R.C. 4123.519(E) would judicially amend the statute to provide for the award of attorney fees prior to the establishment of a claimant's right to participate in the fund, I would sustain appellant's assignment of error and reverse the award of attorney fees.