[Cite as *Russell v. McCloud*, 2023-Ohio-886.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CALVIN J. RUSSELL,<br><br>Appellee,<br><br>- vs -<br><br>STEPHANIE B. MCCLOUD,<br>ADMINISTRATOR, BUREAU<br>OF WORKERS' COMPENSATION,<br><br>Appellant. | CASE NOS.  2022-T-0017<br>2022-T-0048<br><br>Administrative Appeals from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2020 CV 01162 |

**O P I N I O N**

Decided: March 20, 2023
Judgment: Reversed and remanded

*Mary Ellen Ditchey* and *Patrick E. Parry*, Urban Co., LPA, 434 High Street, N.E., P.O. Box 792, Warren, OH 44482 (For Appellee).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Sarah E. Thomas*, Assistant Attorney General, Workers' Compensation Section, 615 West Superior Avenue, 11th Floor, Cleveland, OH 44113 (For Appellant).


MARY JANE TRAPP, J.

{¶1} Appellant, Stephanie B. McCloud, Administrator for the Bureau of Workers' Compensation ("BWC"), appeals from the judgment entry of the Trumbull County Court of Common Pleas, which granted the motion of appellee, Calvin Russell ("Mr. Russell") for approval of attorney fees and awarded him the $5,000 statutory maximum award of attorney fees pursuant to the current version of R.C. 4123.512(F).  BWC also appeals

from the judgment entry in which the trial court denied its motion for relief from judgment pursuant to 60(B) after finding the award of attorney fees was appropriately granted.

{¶2} BWC raises two assignments of error on appeal that concern the September 2017 amendment to R.C. 4123.512(F), which increased the statutory limit of attorney fees that can be awarded in workers' compensation cases from $4,200 to $5,000. BWC first contends that the trial court committed prejudicial error by granting Mr. Russell attorney fees in the amount of $5,000 because Sub.H.B. No. 27, 2017 Ohio Laws File 13 ("H.B. 27"), applies prospectively from the date of the amendment. Second, it contends that H.B. 27 does not apply because Mr. Russell's claim, i.e., the date of injury, arose in October 2016, prior to the bill's passage.

{¶3} After a careful review of the record and pertinent law, we find BWC's assignments of error to have merit. A review of H.B. 27 reveals the General Assembly utilized almost identical language to the language it used in Am.Sub.S.B. No. 7, 2006 Ohio Laws File 87 ("S.B. 7"), which increased the statutory cap of attorney fees for workers' compensation claims to $4,200 in 2006. The Supreme Court of Ohio in *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, considered the 2006 amendment and found the General Assembly was explicit in its intent that all of the provisions of R.C. 4123.512, with the exception of subsection (H), applied prospectively to all claims arising on or after the effective date of the amendment.

{¶4} Following the Supreme Court of Ohio's interpretation of S.B. 7 in *Thorton*, the General Assembly's explicit intent in H.B. 27, and the general prospective presumption pursuant to R.C. 1.48, the only determination that can be made is that H.B. 27 is to be applied prospectively to any claim arising on or after the effective date.

2

Because Mr. Russell's claim arose in 2016, before the effective date of the amendment, the trial court should have applied the prior version of R.C. 4123.512(F) and awarded a statutory maximum award of attorney fees of $4,200.

{¶5} Finding BWC's assignments of error to have merit, we reverse the judgments of the Trumbull County Court of Common Pleas and remand for further proceedings consistent with this opinion.

## Substantive and Procedural History

{¶6} Mr. Russell's workers' compensation claim arose from injuries to his lower spine caused by an accident at his workplace on October 4, 2016.

{¶7} Mr. Russell filed his appeal in the Trumbull County Court of Common Pleas against BWC and his employer, Ravenna Ohio Department of Transportation Mail Stop 1520 ("Ravenna ODOT") in 2018. After voluntarily dismissing his appeal pursuant to Civ.R. 41(A), Mr. Russell refiled it in October 2020. After a trial, a jury returned a verdict in favor of Mr. Russell, finding that he was entitled to participate in the workers' compensation fund for four medical conditions.

{¶8} Mr. Russell filed a post-trial motion for approval of fees pursuant to R.C. 4123.512(F), with an attached itemized statement reflecting $10,800 in attorney fees and $5,902.42 in costs.

{¶9} Ravenna ODOT filed a brief in opposition in which it argued that pursuant to the version of R.C. 4123.512(F) in effect at the time Mr. Russell's claim arose in October 2016, i.e., the date of injury, attorney fees should be capped at the statutory limit of $4,200. Ravenna ODOT also requested, and BWC agreed, that BWC pay the attorney fees and costs.

3

Case Nos. 2022-T-0017, 2022-T-0048

{¶10} The trial court awarded Mr. Russell $5,000 in attorney fees and $5,902.42 in costs to be paid by Ravenna ODOT.

{¶11} BWC filed a Civ.R. 60(B) motion for relief from judgment solely on the issue of attorney fees. BWC argued that H.B. 27, effective September 29, 2017, applies prospectively, and that the date on which the claim arises dictates which version of the statute applies.

{¶12} Mr. Russell filed a brief in opposition, in which he argued that BWC's motion was without merit and should be denied.

{¶13} The trial court denied BWC's motion for relief from judgment, finding that R.C. 4123.512(F) applies in its current form, the version in effect when the case was pending, and that its previous award of $5,000 in attorney fees was appropriate.

{¶14} BWC raises two assignments of error for our review:

{¶15} "[1.] The trial court committed prejudicial error in granting Plaintiff-Appellee an attorney's fee in the amount of $5,000 when it failed to realize that revisions to the workers' compensation court appeal statute (R.C. 4123.512) operate only prospectively, and therefore, the September 2017 revision to R.C. 4123.512(F) does not apply to Plaintiff-Appellee's October 2016 claim.

{¶16} "[2.] The trial court committed prejudicial error in granting Plaintiff-Appellee an attorney's fee in the amount of $5,000 when it failed to realize that it is the date that a workers' compensation claim arises that matters when determining which version of the workers' compensation statute applies."

4

Case Nos. 2022-T-0017, 2022-T-0048

**Standard of Review**

{¶17} We review a trial court's award of attorney fees pursuant to R.C. 4123.512(F) for an abuse of discretion. *Harmon v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 105574, 2017-Ohio-8662, ¶ 15. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶18} However, to the extent a matter involves an interpretation of statutory authority, which is a question of law, our review is de novo. *Dohm v. Dohm*, 11th Dist. Lake No. 2010-L-091, 2011-Ohio-1166, ¶ 12.

**Analysis**

{¶19} We address BWC's first and second assignments of error together since they are part and parcel to which version of R.C. 4123.512(F) applies. Thus, in its first and second assignments of error, BWC argues that the trial court erred in awarding Mr. Russell $5,000 in attorney fees because H.B. 27 applies prospectively to claims that arose on or after its effective date.

{¶20} "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation." *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 96, 573 N.E.2d 77 (1991). "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." *Id.*

5

**{¶21}** "The primary rule in statutory construction is to give effect to the legislature's intention." *Id.* at 97. Pursuant to R.C. 1.49(D), "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters * * * former statutory provisions."

### Statutory Attorney Fee Awards in Workers' Compensation Cases

**{¶22}** In 1989, R.C. 4123.519 (now recodified as R.C. 4123.512)[1] was amended to increase the amount of attorney fees that can be awarded to $2,500. *See* Am.Sub.H.B. No. 222, 143 Ohio Laws, Part II, 3197, 3353, 3355 ("H.B. 222").

**{¶23}** In *Ginnis v. Atlas Painting & Sheeting Co.*, 63 Ohio St.3d 754, 591 N.E.2d 694 (1992), cited by Mr. Russell, the Supreme Court of Ohio was confronted with this identical issue, i.e., whether H.B. 222's increase in the amount of attorney fees that could be awarded was retroactive to any cases pending in any court or applied prospectively to claims arising on or after the effective date of the amendment. The Supreme Court held that "[p]ursuant to R.C. 4123.519, the provision of R.C. 4123.519(E), permitting the trial judge to fix an attorney fee up to $2,500 to the claimant's attorney, applies retroactively to any workers' compensation case pending in any court as of November 3, 1989, the effective date of the amendment allowing attorney fees in that amount." *Id.* at syllabus.

**{¶24}** The Supreme Court found the last sentence of R.C. 4123.519 instructive, which stated that "'[a]ny action pending in common pleas court or any other court on January 1, 1986 under this section shall be governed by sections 4123.514, 4123.515, 4123.516, 4123.519, and 4123.522 of the Revised Code.'" *Id.* at 755, quoting R.C. 4123.519.

---

1. R.C. 4123.519 was renumbered as R.C. 4123.512 in 1993. *See* H.B. No. 107, 1993 Ohio Laws File 47.

6

**{¶25}** The court explained:

**{¶26}** "The parties agree that the instant case was pending in the court of common pleas on January 1, 1986. A reasonable interpretation of the foregoing statutory language appears to indicate that subsequent statutory amendments to R.C. 4123.519 are applicable to workers' compensation cases pending in any court on the effective dates of the amendments. Therefore, the plain language of R.C. 4123.519 evidences an intent by the General Assembly that the increased attorney fee allowance be retroactively applicable to cases such as the cause *sub judice.  See*, *also*, *Anderson v. General Motors Corp.* (1962), 116 Ohio App. 92 * * *, 186 N.E.2d 765." *Id.* at 755-756.

**{¶27}** Notably, the statutory language changed in subsequent amendments. In 2006, the General Assembly increased the amount of attorney fees that can be awarded to $4,200. *See* S.B. 7. Unlike the 1989 amendment, however, the 2006 amendment included uncodified language that stated, "*This act applies to all claims* pursuant to [R.C. Chapter 4123] * * * *arising on and after the effective date of this act,* except that division (H) of section 4123.512 as amended by this act also applies to claims that are pending on the effective date of this act." (Emphasis added.) S.B. 7 at Section 3.

**{¶28}** BWC cites to *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, in which the Supreme Court of Ohio addressed whether the 2006 amendment was to be applied retroactively or prospectively. *Id.* at ¶ 1.

**{¶29}** In that case, the Supreme Court was concerned with the 2006 amendment to R.C. 4123.512(D), which provided that a claimant in a workers' compensation action "'may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section.'" *Id.*, quoting S.B. 7;

7

*see* R.C. 4123.512(D). The appellee-claimant had filed a notice of voluntary dismissal with the trial court pursuant to Civ.R. 41(A)(1)(a). *Id.* at ¶ 6. The court found that the General Assembly explicitly "included an uncodified provision stating its intent that, *with one exception* [R.C. 4123.412(H)], *all of the bill's amendments are prospective in effect*." (Emphasis added.) *Id.* at ¶ 15.

{¶30} The Supreme Court further found that even if the General Assembly had not expressly stated its intent, its finding that the provisions in S.B. 7 are prospective in nature (with the exception of R.C. 4123.512(H)) is consistent with the general presumption contained in R.C. 1.48 that laws are prospective in operation unless they are expressly made retroactive. *Id.* at ¶ 17. This interpretation was also consistent with the Legislative Service Commission's Final Analysis of S.B. 7, which similarly found that all of the amendments set forth in the bill, other than R.C. 4123.512(H), were prospective in nature. *Id.* at ¶ 18.

{¶31} Because the appellee-claimant's claim arose on the date of his injury, i.e., June 27, 2005, which was over a year before S.B. 7's effective date, former R.C. 4123.512(D) applied, and he had the right to dismiss the appellant-employer's appeal without the employer's consent. *Id.* at ¶ 21.

{¶32} In 2017, the General Assembly passed H.B. 27, which increased the statutory award of attorney fees pursuant to R.C 4123.512(F) to $5,000. The uncodified provisions in H.B. 27 mirror those contained in S.B. 7. Specifically, Section 741.20 states, "[R.C. 4123.512] * * *, as amended by this act, appl[ies] to a claim under [Chapter 4123] * * * of the Revised Code *arising on or after the effective date of this section*." (Emphasis added.) Further, this is in keeping with the general presumption contained in R.C. 1.48

8

that laws are prospective in operation unless they are expressly made retroactive. *See Thorton* at ¶ 17.

{¶33} Therefore, following the Supreme Court of Ohio's interpretation of S.B. 7 in *Thorton*, the General Assembly's explicit intent in H.B. 27, and the general prospective presumption of R.C. 1.48, the only conclusion that can be reached is that H.B. 27 is to be applied prospectively to any claim arising on or after the effective date. Because Mr. Russell's claim arose in 2016, before the effective date of the amendment, the trial court should have applied the prior version of R.C. 4123.512(F) and awarded a statutory maximum award of attorney fees of $4,200.

{¶34} Finding BWC's assignments of error to have merit, we reverse the judgments of the Trumbull County Court of Common Pleas and remand for further proceedings consistent with this opinion.


JOHN J. EKLUND, P.J.,

JAMES A. BROGAN, J., Ret., Second Appellate District, sitting by assignment,

concur.